**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-10359

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSE ROGELIO NIETO-MOLINA,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 1:17-cr-20547-RS-4

————————————————

Before JORDAN, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Jose Rogelio Nieto-Molina appeals the district court's denial of his motion for a sentence reduction, 18 U.S.C. § 3582(c)(2). The parties agree that Nieto-Molina was eligible for a sentence

reduction in light of Amendment 821 to the Sentencing Guidelines. However, the district court denied Nieto-Molina's motion after considering the 18 U.S.C. § 3553(a) factors and concluding a sentence reduction was not warranted. After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2017, Nieto-Molina was charged, along with several others, with conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine with a reason to believe that it would be imported into the United States, 21 U.S.C. §§ 959(a), 960(b)(1)(B), & 963. Nieto-Molina was extradited from Colombia and arraigned in 2018. He later entered into a plea agreement with the government and pled guilty.

In a presentence investigation report ("PSI"), a probation officer recounted Nieto-Molina's offense conduct. From at least 2002 to around 2015, Nieto-Molina conspired with others to operate cocaine labs in Colombia, and at least one of those labs produced between 800 and 1,200 kilograms of cocaine a month for distribution and sale. Nieto-Molina regularly visited the labs to assist with production and ensure the continued operation of production. Nieto-Molina knew at least 450 kilograms of cocaine would ultimately be imported to the United States. Nieto-Molina represented that he was the mayor of Coper Boyaca, Colombia from 2011 to 2015, but the probation officer could not verify that information.

As relevant to this appeal, the PSI calculated that Nieto-Molina had a criminal history score of zero and a criminal history

category of I.  It also noted that Nieto-Molina faced a mandatory minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment.  It calculated Nieto-Molina's guidelines range to be 168 to 210 months.  At sentencing, in November 2019, the district court sentenced Nieto-Molina to 168 months' imprisonment, to be followed by a 5-year term of supervised release.

In December 2024, Nieto-Molina moved, *pro se*, for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  Nieto-Molina argued that, under Amendment 821, he qualified as a "zero-point offender" under U.S.S.G. § 4C1.1 and was eligible for relief.  He asked the court to reduce his calculated guideline range by two levels and reduce his sentence.

The government opposed Nieto-Molina's motion.  It conceded that Nieto-Molina was eligible for a reduction but contended the 18 U.S.C. § 3553(a) factors weighed against relief because Nieto-Molina conspired to unlawfully import hundreds of kilograms of cocaine, a "substantial" quantity, into the United States.  It also noted that, while incarcerated, Nieto-Molina had possessed a cellphone, violating prison rules and endangering "the prison, its personnel, and other inmates."  The government argued that the § 3582(c)(2) motion "should be denied to deter this defendant and other inmates from engaging in such reckless and dangerous behavior."  The government attached, as an exhibit, Nieto-Molina's disciplinary record, which showed that he had admitted to, and

been found guilty of, possession of a cell phone and a charger in 2022.

The district court denied Nieto-Molina's motion in a paperless order, stating, "[t]he Court having considered the Defendant's motion, the Government's Response, . . . and the record as a whole, including section 3553(a) factors, . . . finds that a reduction is not warranted." Nieto-Molina appealed.[1]

## II. STANDARDS OF REVIEW

Under Section 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). We review the district court's legal determination of whether a defendant is eligible for a sentence reduction under § 3582(c)(2) *de novo*. *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). Once eligibility under § 3582(c)(2) is established, we review the decision to deny a sentence reduction for an abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238, 1248 (11th Cir. 2017).

The abuse of discretion standard of review is deferential, and "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994). In

---

[1] Nieto-Molina also moved for reconsideration of the district court's denial of his motion, but has not filed a separate, or amended, notice of appeal to challenge the court's denial of that motion, so it is not addressed further here.

other words, "the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)). A district court can abuse its discretion by: "(1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022); *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A district court can also abuse its discretion by "appl[ying] an incorrect legal standard, follow[ing] improper procedures in making the determination, or mak[ing] findings of fact that are clearly erroneous." *Guevara v. Lafise Corp.*, 127 F.4th 824, 829 (11th Cir. 2025) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)).

In our review, we liberally construe the filings of *pro se* parties. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III. DISCUSSION

On appeal, Nieto-Molina correctly notes that his original sentence was at the low end of his guidelines range and that his guidelines range has now been reduced from 168 to 210 months to 135 to 168 months. He emphasizes that he has only had one disciplinary infraction during the six years he has been incarcerated. He also highlights that he has been enrolled in educational

programming while incarcerated, which is relevant to the § 3553(a) factors. The government agrees that Nieto-Molina was eligible for a sentence reduction, but that his offense involved "a high level of criminal intent" and that he was "an elected representative" at the time of the offense, "substantially increasing the seriousness of the offense and the needs to promote respect for the law, provide general deterrence, and impose a just punishment. Finally, it contends that the fact Nieto-Molina received a low-end guidelines sentence before Amendment 821, does not mean that the sentence—now a high guidelines sentence after the amended guidelines range—is unreasonable.

A district court may reduce a defendant's term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In considering a motion for a sentence reduction under § 3582(c)(2), a district court must engage in a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010); *Caraballo-Martinez*, 866 F.3d at 1248. At the first step, a court must determine whether a retroactive amendment to the Sentencing Guidelines has lowered a defendant's guideline range consistent with the applicable policy statements. *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000); U.S.S.G. § 1B1.10, comment. (n.1(A), (B)(i)-(iii)).

At the second step, a district court "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.

25-10359                Opinion of the Court                7

In addressing the § 3553(a) factors, a court is "not required to articulate the applicability of each factor, 'as long as the record as a whole demonstrates that the pertinent factors were taken into account.'" *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quoting *United States v. Vautier*, 144 F.3d 144 F.3d 756, 762 (11th Cir. 1998)); *see also United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997) (affirming "short" order denying a sentence reduction motion because "the record show[ed] that the district court considered the pertinent section 3553(a) factors, [and a] district court does not abuse its discretion in declining to detail its determinations"). In considering whether to grant a reduction, district courts may consider a defendant's post-conviction conduct, but the ultimate decision of whether to reduce a defendant's sentence lies within the discretion of the district court. *Williams*, 557 F.3d at 1256–57; *see also* U.S.S.G. § 1B1.10, comment. (1)(B)(iii).[2]

Under § 3553(a), a district court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a).

---

[2] Consideration of postsentencing conduct is often appropriate because "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," including the history and characteristics of the defendant, or the need to protect the public. *Pepper v. United States*, 562 U.S. 476, 491, 493 (2011). For the same reason, aggravating postsentencing conduct can weigh on the § 3553(a) factors as well.

In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.*

In deciding whether to exercise its discretion to reduce a defendant's sentence, the district court need not address each of the § 3553(a) factors or explicitly mention all the mitigating evidence submitted by a defendant. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). An acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Id.* at 1240–41 (quoting *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021)). The particular weight given to a § 3553(a) factor is generally committed to the discretion of the district court. *Id.* at 1241; *Butler*, 39 F.4th at 1355.

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Comm'n, *Adopted Amendments* (Effective November 1, 2023), Amendment 821 ("Amendment 821"). As relevant, the amended guideline added a new section, U.S.S.G. § 4C1.1, which provides for a decrease in a defendant's offense level if the defendant satisfies certain criteria. *Id.* The Sentencing Commission intended Amendment 821 to have retroactive application. U.S.S.G. § 1B1.10(d).

Here, as all parties agree, Nieto-Molina was eligible for a sentence reduction at the first step of the analysis because Amendment 821 alters his applicable guidelines range. *See* Amendment 821;

U.S.S.G. § 1B1.10(d); *Dillon*, 560 U.S. at 826–27; *Vautier*, 144 F.3d at 760; *Bravo*, 203 F.3d at 780–81. While the district court did not explicitly say as much, we assume that it agreed with the parties on this issue. *Cf. United States v. $242,484.00*, 389 F.3d 1149, 1154 (11th Cir. 2004) (*en banc*) ("[W]e and other federal appellate courts have inferred from a district court's explicit factual findings and conclusion implied factual findings that are consistent with its judgment although unstated.").

The district court accordingly turned to the second step of the analysis and answered, "whether the authorized reduction [wa]s warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826. In its ruling on this second step, we discern no abuse of discretion.[3] As we have explained, a court is permitted to attach great weight to relevant factors, *Butler*, 39 F.4th at 1355, and is not required to discuss the mitigating evidence at length,[4] *Tinker*, 14 F.4th at 1240–41. The

---

[3] A district court can abuse its discretion by failing to "explain its . . . decisions adequately enough to allow for meaningful appellate review." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)). We do not believe the district court did so here. The parties' briefing set out the relevant § 3553(a) factors and the district court stated that it had reviewed that briefing and the § 3553(a) factors. Therefore, "the record shows that the district court considered the pertinent section 3553(a) factors, [and] the district court [did] not abuse its discretion [by] declining to detail its determinations." *Eggersdorf*, 126 F.3d at 1322.

[4] We note that Nieto-Molina did not present his evidence of rehabilitation— his educational transcript—to the district court in the first instance and raises that point more prominently on appeal. Generally, to preserve an issue for appeal, a party must present an argument "sufficient to apprise the trial court

government's opposition, which the district court's paperless order referenced, proved a clear basis in the § 3553(a) factors for the denial of the motion: Nieto-Molina's offense conduct was very serious and he had committed misconduct while incarcerated. *See* 18 U.S.C. § 3553(a)(2)(A), (2)(B); *Williams*, 557 F.3d at 1256–57. In addition, the district court judge presided over Nieto-Molina's original sentencing, and his familiarity with the proceedings put him in the optimal position for assessing whether the § 3553(a) factors warranted relief. *See Eggersdorf*, 126 F.3d at 1323 ("[T]he same district court judge who sentenced [the] Defendant originally was the one who declined to resentence him."). Finally, Nieto-Molina's sentence remains within the applicable guidelines range after the reductions caused by Amendment 821. *Cf. United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) ("We ordinarily expect a sentence within the Guidelines range to be reasonable . . . .").

Under these circumstances, Nieto-Molina has not shown that the district court: "(1) fail[ed] to properly consider a relevant sentencing factor that was due significant weight, (2) g[ave] significant weight to a factor that was not relevant, or (3) commit[ed] a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356.

---

and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quoting *United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir. 1986)). In any event, we discern no abuse of discretion even after considering Nieto-Molina's additional rehabilitation argument presented on appeal.

## IV. CONCLUSION

Based on the totality of the circumstances presented here, the district court did not abuse its discretion in declining to reduce Nieto-Molina's sentence.  Therefore, we affirm.

**AFFIRMED.**